UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROBERT CATOGGIO,

                Petitioner,

**MEMORANDUM & ORDER**

-against-

04 CV 4553

UNITED STATES of AMERICA,
                Respondent.
------------------------------------------------------X
DEARIE, Chief Judge.

Petitioner, pro se, challenges his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied, and the petition is dismissed.

## Background

Petitioner pleaded guilty to racketeering and conspiracy, in violation of 18 U.S.C. §§ 1962(c) & (d), for his participation in a multi-million dollar securities fraud scheme. As recited in the plea agreement, the projected sentencing range applicable under the U. S. Sentencing Guidelines was 210 to 262 months, assuming petitioner fell within Criminal History Category II. The calculation included a three-point increase, pursuant to U.S.S.G. § 2J1.7, for committing the offense while on release from another federal sentence. In addition, the calculation included an eighteen-point increase for loss in excess of $80,000,000, a two-point increase for more than minimal planning, a four-point increase for jeopardizing a financial institution, a two-point increase for violation of a prior administrative order, and a four-point increase for petitioner's role in the offense. Petitioner was also to receive a two-point "global reduction" for co-defendants' pleas and an additional one-point reduction for various considerations. Petitioner took exception to the three-point increase pursuant to U.S.S.G § 2J1.7 and the criminal history category, but otherwise agreed to the Guidelines calculation. Under the terms of the agreement,

petitioner waived his right to file an appeal or otherwise challenge the conviction or sentence provided the sentence imposed was not above the combined statutory maximum penalty of forty years in prison.

On May 30, 2001, petitioner was sentenced to a total of 141 months in prison based on Criminal History Category II and an offense level that included the Guidelines § 2J1.7 three-point increase for committing the offense while on release. Pursuant to 18 U.S.C. § 3147, this Court imposed consecutive terms of 131 months for the offense and 10 months as an enhancement because the offense was committed while petitioner was on release. In addition, petitioner was ordered to pay restitution in the amount of $80,000,000. Petitioner was made jointly and severally liable for the restitution with co-defendant Roy Ageloff.

Petitioner timely filed an appeal on June 29, 2001, raising the same claims he raised at sentencing. He argued that the Court's imposition of an "additional" consecutive sentence pursuant to 18 U.S.C. § 3147 and the three-point increase pursuant to U.S.S.G. § 2J1.7 was invalid under Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the Court's determination of his criminal history category was in error. Respondent moved to dismiss on the ground that petitioner waived his right to appeal under the plea agreement, and the Second Circuit granted the motion on September 10, 2002. Co-defendant Ageloff appealed the order of restitution, and on April 16, 2003, the Second Circuit vacated the order and remanded for re-sentencing on restitution consistent with the requirements of the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. United States v. Catoggio, 326 F.3d 323 (2d Cir. 2003).

By papers dated October 18, 2004, petitioner challenges his sentence pursuant to 28 U.S.C. § 2255. He again contends that the Court sentenced him in violation of the principles of

2

Apprendi by imposing a consecutive sentence enhancement pursuant to 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7. In addition, he argues that the three-point increase for committing the offense while on release from another federal sentence, the eighteen-point increase for loss in excess of $80,000,000, the two-point increase for more than minimal planning, the four-point increase for jeopardizing a financial institution, the two-point increase for violation of a prior administrative order, and the four-point increase for petitioner's role in the offense violate Blakely v. Washington, 542 U.S. 296 (2004). Petitioner also continues to challenge his sentence on the ground that the Court improperly determined his criminal history category.

Respondent opposes on the ground that the petition is untimely. In reply, petitioner argues that his petition is timely because his conviction did not became final until October 16, 2003, the date the Circuit received notice of the Supreme Court's October 6, 2003 denial of Ageloff's petition for a writ of certiorari. Alternatively, he argues that his petition is timely because Second Circuit decisions upholding the Guidelines after Blakely operated as an "impediment" within the meaning of 28 U.S.C. § 2255(2) that was not "removed" until United States v. Booker, 543 U.S. 220 (2005) (holding that because the Guidelines allow the maximum sentence authorized to be increased by judge-made findings, their mandatory application violates the Sixth Amendment). Finally, petitioner contends that his petition is timely on the ground that his conviction is not yet final because this Court has not entered a new restitution order pursuant to the Second Circuit's remand.

## Discussion

Petitioner's challenge is foreclosed by his knowing and voluntary waiver of the right to appeal or otherwise challenge a sentence falling within or below the range specified in the plea

3

agreement. United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); see also Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (enforcing waiver against collateral attack). Indeed, the Second Circuit dismissed petitioner's appeal on waiver grounds. Moreover, it is clear that petitioner was aware of Apprendi because he argued at sentencing that the Court's enhancements under Guideline § 2J1.7 and 18 U.S.C. § 3147 violated Apprendi principles.

The fact that Blakely and Booker were decided afterward is of no consequence. Garcia-Santos, 273 F.3d at 509 ("We have long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into. The reasons for enforcing waivers of direct appeal in such cases lead us to the same conclusion as to waivers of collateral attack under § 2255."); see also United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005) ("Petitioner's inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements."). Neither is the fact that petitioner opposed the Guidelines on Apprendi grounds at sentencing. See United States v. Haynes, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam) (preservation of Blakely challenge to Guidelines at sentencing does not affect enforceability of waiver against Booker claim on appeal). Moreover, the Second Circuit has made clear that Booker "was not dictated by Apprendi or, for that matter, the Court's later decision in Blakely." Guzman v. United States, 404 F.3d 139, 142 (2d Cir. 2005). Accordingly, the waiver is enforceable against petitioner's claims.

Petitioner's claims fail on the merits as well. With respect to petitioner's challenge to his criminal history category, the Court again rejects petitioner's contention that his prior conviction

should be treated as part of the instant offense. Similarly, petitioner's Apprendi claim, fully explored prior to sentencing, does not provide grounds for relief. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Apprendi is not implicated in this case because petitioner's sentence is well below the 240-month statutory maximum penalty applicable to each count to which petitioner pleaded, regardless of the enhancement pursuant to 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7. Blakely is not implicated either. Prior to Booker, the Second Circuit held that Blakely did not require that every fact triggering a Guidelines enhancement be determined by a jury beyond a reasonable doubt, see United States v. Mincey, 380 F.3d 102, 105-6 (2d Cir. 2004), vacated sub nom Ferrell v. U.S., 543 U.S. 1113 (2005), and Booker does not apply retroactively to cases on collateral review. Id., 543 U.S. at 144. Petitioner's claims that the other enhancements he received violate Blakely similarly fail.

In any case, the petition is untimely. Petitioner's appeal was dismissed on September 10, 2002, and petitioner did not seek certiorari. As a result, his conviction became final in December of 2002, when the time for filing a petition for certiorari expired. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when th[e] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Sup. Ct. R. 13(1) ("petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment"). Because the statute of limitations for filing a habeas petition expired in December 2003, the petition is over ten months late. The Court is not at all persuaded by petitioner's argument that the finality of his conviction

5

was affected by co-defendant Ageloff's certiorari petition, which was denied on October 6, 2003. Even using that date, or October 16, 2003, the date the denial of certiorari was filed with the Second Circuit, the habeas petition is untimely. Petitioner's contention that pre-Booker precedents operated as an impediment to his petition also fails. Pre-Booker precedents rejecting the application of Apprendi to enhancements under the Guidelines do not constitute "governmental action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.

Finally, petitioner contends that his conviction is not yet final because the Second Circuit vacated the restitution portion of Ageloff's sentence and remanded for resentencing on restitution, and the resentencing has not occurred.[1] In remanding for a new restitution order based on the actual losses of identified victims consistent with the MVRA, the Second Circuit noted:

> The government has indicated that proceedings to determine the victims and their actual losses are currently under way in the district court. We do not mean to interrupt those proceedings. The district court should simply incorporate the findings of those proceedings into a new restitution order.

Catoggio, 326 F.3d at 330. The mandate is limited to the entry of a new restitution order with respect to the identified victims and their actual losses. See United States v. Quintieri, 306 F.3d 1217, 1227 (2d Cir. 2002) (to determine whether a remand is de novo, specific dictates of the remand order and broader "spirit of the mandate" must be examined). The remand did not "effectively undo[] the entire knot of calculation" under the Guidelines. Id. at 1228; Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) (citing Quintieri). Accordingly, petitioner's

---

[1] A status conference regarding resentencing is scheduled for September 7, 2007.

conviction became final for purposes of retroactive application of new constitutional laws in December 2003. See id. at 166.

Finally, even if this Court were to apply Booker and review petitioner's sentence pursuant to United States v. Crosby, 397 F.3d 103, 111-14 (2d Cir. 2005), the Court would impose the same Guidelines sentence.

## Conclusion

The motion is denied, and the petition is dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 3, 2007

s/ Judge Raymond J. Dearie
--------------------------------
RAYMOND J. DEARIE
United States District Judge